304 F.Supp. 864 (1969)
Brett L. CASSIDY, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 69 C 252(1).
United States District Court E. D. Missouri, E. D.
September 17, 1969.
*865 *866 Brett L. Cassidy, pro se.
Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM OPINION AND ORDER
HARPER, Chief Judge.
This matter arises on several motions of the petitioner: (1) Motion for production of records pursuant to 28 U.S. C.A. § 2250; (2) Motion to proceed in forma pauperis and for appointment of counsel, 28 U.S.C.A. § 1915; and (3) Motion to vacate sentence and judgment, 28 U.S.C.A. § 2255. Petitioner was charged in an indictment returned September 21, 1967, with a violation of the Universal Military Training and Service Act, 50 App. U.S.C.A. § 462, for failure to report for induction into the Armed Forces of the United States. Petitioner was represented by appointed counsel. Petitioner pleaded not guilty at the arraignment held on September 25, 1967, and waived jury trial. The trial was held on November 15, 1967, where petitioner was found guilty, and on December 1, 1967, he was sentenced to a term of five years in the custody of the Attorney General.
Petitioner dismissed his court-appointed attorney and secured counsel of his own choice by his own means. A notice of appeal was filed, but petitioner withdrew appellate proceedings in October, 1968, and began serving sentence in November, 1968. Petitioner is presently serving that sentence. On December 12, 1968, this court overruled a request by *867 petitioner which was treated as a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure. On June 12, 1969, petitioner's motion for production of records pursuant to 28 U.S.C.A. § 2250 was denied by this court for the reason that no writ of habeas corpus was then pending in this court.
Petitioner filed an application to proceed in forma pauperis and writ of habeas corpus in the United States District Court for the Western District of Missouri, and the same was dismissed on July 14, 1969, with the suggestion that petitioner's appropriate remedy was a motion under 28 U.S.C.A. § 2255 in the sentencing court.
On September 8, 1969, petitioner filed an addendum to his motions previously submitted. In said addendum petitioner withdrew his request for the appointment of counsel; added one ground in support of his motion to vacate sentence; requested the production of an additional document in his motion pursuant to 28 U.S.C.A. § 2250; and applied for Rule Nisi "so that if showcause order does not issue, petitioner's 2255 motion shall be deemed just and true."
Again petitioner has presented a motion for the production of certain documents under Section 2250. That section provides that an indigent petitioner is entitled to documents without cost "if on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute in forma pauperis * * *." There is now no pending writ of habeas corpus. A motion to vacate sentence is not the same as a writ of habeas corpus. They are separate and distinct remedies. However, there are similarities which would tend to make the section pertaining to production of documents applicable to pending motions to vacate sentence under section 2255, as well as pending writs of habeas corpus. Like habeas corpus, a motion to vacate sentence is a special civil proceeding rather than a criminal one. Taylor v. United States, 229 F.2d 826 (8th Cir. 1956). Both attack a criminal conviction. A motion to vacate sentence provides no broader right of attack than is available in a writ of habeas corpus, but rather is coextensive with it. Indeed, the section providing for motions attacking sentence was enacted to take the place of habeas corpus. Cardarella v. United States, 351 F.2d 443 (8th Cir. 1965). Thus, it would seem that the rules applicable to habeas corpus would also apply to a motion to vacate sentence. Assuming that 28 U.S.C.A. § 2250 is applicable to a pending motion to vacate sentence, petitioner's motion for the production of certain documents will be denied.
Petitioner in his motion and addendum has requested the production of five documents: The clerk's docket entries, the entire bill of indictment, the transcript of arraignment and plea proceedings, the judgment and commitment, and the presentence investigation report dated December 5, 1967.
In support of his motion for the production of the first four named documents, petitioner states that such documents are necessary to support a planned addendum to his motion to vacate sentence on the ground that his conviction and resulting sentence were secured in violation of the United States Constitution. Petitioner has shown no need for the documents requested. He has stated no facts or allegations from which the court can determine the necessity for such copies. He has expressly stated that such copies of documents are requested for the purpose of substantiating claims other than those presently before the court in petitioner's motion to vacate sentence. A blanket and noncommittal request for copies is insufficient to enable the court to make a determination of necessity. No errors have been alleged which the requested documents are said to support. The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, *868 is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need. In view of the brief and conclusory nature of the motion as to the first four documents, petitioner's motion for production of those copies without cost is denied.
Petitioner has also requested that he be furnished without cost a copy of the presentence report dated December 5, 1967, stating that he feels the report may support his case and may be entered into his subsequent proceedings as an exhibit. Specifically, the petitioner has stated in support of his motion under 2255 that he was deprived of the due process of the law in that the sentence was imposed on December 1st, and was, therefore, imposed without benefit of the presentence report of December 5th. As will be discussed later, the court is not required to consider a presentence report prior to sentencing, and the failure to do so does not violate a defendant's right to the due process of the law. But whether or not such a report was considered by the court in imposing sentence, the court has no obligation to disclose the contents of the report to the defendant at any time. Disclosure is a matter entirely within the discretion of the court. Baker v. United States, 388 F.2d 931 (4th Cir. 1968); United States v. Weiner, 376 F.2d 42 (3rd Cir. 1967).
Since petitioner requests the copy of the presentence report to support a contention that has no merit, there is no need shown which would compel the granting of the request by the court in the exercise of its discretion. Petitioner's request for the production of a copy of the presentence report is denied.
In his motion to vacate sentence under 28 U.S.C.A. § 2255 and addendum, petitioner asserts six supporting grounds: (1) That denial of counsel before local board meetings violated his fifth amendment right to the due process of the law and sixth amendment right to counsel; (2) that the Selective Service Regulations' test for conscientious objectors based on belief in God or a Supreme Being violated his constitutional rights under the first amendment; (3) that the local boards as presently set up violates his fourteenth amendment right to equal protection of the law; (4) that he was aggrieved "apropos local board classification"; (5) that the maximum term sentence imposed is unduly harsh in violation of his constitutional right to due process; and (6) that the imposition of sentence by the trial court without the benefit of a presentence report violated his right to due process.
It might be said at the outset that the first, second and fourth grounds petitioner asserts in support of his motion are the very essence of his defense to the charge of willfully and knowingly failing to perform a duty required of him under the Universal Military Training and Service Act. Each of those grounds was clearly, thoroughly and very ably briefed by petitioner's counsel at the trial and each was carefully brought to the trial court's attention at the trial. It should also be noted that petitioner withdrew the appeal of his conviction. It is clear that the remedy afforded by section 2255 to vacate and set aside sentences cannot be resorted to as a substitute for direct appeal. Dean v. United States, 265 F.2d 544 (8th Cir. 1959); Taylor v. United States, 229 F.2d 826 (8 Cir. 1956), cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500. It is only where the sentence is void or otherwise subject to collateral attack that the remedy available under section 2255 is available. Shobe v. United States, 220 F.2d 928 (8th Cir. 1955). Thus, it remains to be determined whether contentions which have already been litigated in the trial of this case raise issues providing a basis for collateral attack. Each of petitioner's first four grounds of attack are aimed at the classification system of the Universal Military Training and Service Act. At trial, petitioner, by way of defense, challenged his designated classification by the local board.
*869 Petitioner's first ground, that the denial of counsel at local board meetings violated his constitutional rights, is without merit. Even if he were denied counsel, his constitutional rights were not violated. Petitioner's assertion does not raise a substantial constitutional issue. Registrants are expressly denied the right of representation by counsel before Selective Service Boards (Selective Service Regulations Section 1624.1). Nickerson v. United States, 391 F.2d 760 (10th Cir. 1968); United States v. Pitt, 144 F.2d 169 (3rd Cir. 1944); and such denial is not violative of due process standards because board proceedings are non-judicial and clearly non-criminal, United States v. Sturgis, 342 F.2d 328 (3rd Cir. 1965) cert. denied, 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120.
Petitioner's second ground, that the test for conscientious objectors based on belief in God or a Supreme Being violates his first amendment rights, is without merit. Petitioner states specifically that the traditional definition of religious belief is an unconstitutional classification upon which to base the classification of a registrant. However, in United States v. Seeger, 380 U.S. 163, 165, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), the Supreme Court expressly delineated the test in other than traditional terms by saying:
"* * * the test of belief `in a relation to a Supreme Being' is whether a given belief that is sincere and meaningful occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God of one who clearly qualifies for the exemption."
The traditional definition is, therefore, not in issue. The test is a broader test and clearly includes beliefs which are founded upon other than purely religious bases. And it is this broader test of Seeger that petitioner has consistently maintained is applicable to his particular beliefs. Traditional religions are not in issue. The test that is applied is not a traditional test. Whether or not a test based upon traditional definitions of religion is constitutional is irrelevant. Petitioner has failed to raise a substantial constitutional issue, and he cannot, in this motion, attempt to challenge the factual basis of his classification by presenting a "brief synopsis of his beliefs."
Each of the above grounds was asserted at trial and the appeal was withdrawn. In each no new factual or legal basis is asserted for relief. Under such circumstances, the court is not compelled to grant a hearing. Bent v. United States, 308 F.2d 585 (8th Cir. 1962); Dean v. United States, 265 F.2d 544 (8th Cir. 1959). This remedy has as its purpose to correct errors "it is presumed, would not have occurred at the trial had the situation been brought to the notice of the court in the first instance." Taylor v. United States, 229 F.2d 826, 832 (8th Cir. 1956). Re-litigation of trial issues under different labels or expanded allegations is not intended under Section 2255. See, DeWelles v. United States, 372 F.2d 67 (7th Cir. 1967). Errors which can be raised on appeal cannot be used as a premise for collateral attack even if the alleged errors relate to constitutional rights. Franano v. United States, 303 F.2d 470 (8th Cir. 1962), cert. denied 371 U.S. 865, 83 S.Ct. 125, 9 L.Ed.2d 102. Therefore, petitioner will be denied relief under Section 2255 on the basis of the above grounds.
Petitioner's third ground, that the local boards as presently set up deny him equal protection under the law, is without merit. In support of this contention, petitioner states that local boards are autonomous, and therefore separate but equal, and therefore unconstitutional (citing Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954)). In stating that the decisions of local boards are not uniform across the country petitioner has failed to allege facts which support the bare conclusion asserted. The conclusion is without basis in fact or law.
*870 Petitioner's fourth ground, that he was aggrieved "apropos local board classification", does not raise an issue cognizable under Section 2255. No ground for relief under Section 2255 has been stated.
Petitioner's fifth and sixth grounds in support of his motion relate to the imposition of sentence on December 1, 1967. Petitioner maintains that his right to due process was violated in that the sentence was imposed without the benefit of a presentence report and that the sentence is unduly harsh in view of the fact that this is his first offense and in view of his character.
The severity of the sentence is a matter within the sound discretion of the trial judge. As long as the sentence is within the maximum authorized by law, the reasonableness of the sentence is not subject to review either on appeal or by collateral attack. Lipscomb v. United States, 273 F.2d 860 (8th Cir. 1960), cert. den. 364 U.S. 836, 81 S.Ct. 72, 5 L.Ed.2d 61. Admittedly, petitioner's sentence is within the maximum authorized by law; it is the maximum. Petitioner's contention that the sentence violates due process in that it was imposed prior to the date of the presentence report is without merit. The sentencing judge is under no obligation to consider a presentence investigation report, although it is within his discretion to do so. United States v. Williams, 254 F.2d 253 (3rd Cir. 1958); United States v. Schwenke, 221 F.2d 356 (2nd Cir. 1955). To dispense with the presentence report is within the discretion of the court and authorized by Rule 32, Federal Rules of Criminal Procedure, and is not a violation of due process. The sentence is valid. Therefore, it cannot be attacked by a motion under 28 U.S.C.A. § 2255.
Petitioner's request for the application of Rule Nisi is denied.
There is no absolute requirement that a hearing be held on a motion to vacate sentence and the court has discretion to make a preliminary review of the record and claim to determine whether a hearing is required. United States v. Hill, 319 F.2d 653 (6th Cir. 1963). We find that this motion does not present any substantial allegations of such a fundamental miscarriage of justice as would justify relief by collateral attack.
Having fully considered each separate allegation made by plaintiff, the court finds that plaintiff is not entitled to the relief sought. The clerk will enter the proper order overruling in all particulars plaintiff's motion.