**Brett CASSIDY, Appellant**

v.

**UNITED STATES of America, Appellee.**

**No. 20032.**

United States Court of Appeals, Eighth Circuit.

June 8, 1970.

Rehearing En Banc Denied June 19, 1970.
Rehearing Denied July 1, 1970.

586

Brett Cassidy, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and James M. Gordon, Asst. U. S. Atty., for appellee.

Before BLACKMUN, GIBSON and LAY, Circuit Judges.

GIBSON, Circuit Judge.

This is an appeal from a denial of appellant Brett Cassidy's motion presented to the United States District Court for the Eastern District of Missouri, the Honorable Judge Roy W. Harper presiding, to vacate his sentence under 28 U.S. C. § 2255. Cassidy, represented by appointed counsel, was tried without jury, convicted and sentenced to five years in the custody of the Attorney General on December 1, 1967 for a violation of 50 App.U.S.C. § 462, failure to report for and submit to induction into the United States Armed Forces. Cassidy with retained counsel filed a notice of appeal and was not imprisoned while the appeal was pending. However, in October 1968 Cassidy dropped his appeal and after voluntarily surrendering to federal authorities began serving his sentence in November 1968.

Appellant makes five separate claims of error. (1) The Selective Service System's test for determining a registrant's right to a conscientious objector classification is invalid under the First Amendment. (2) The failure of appellant's local board to grant appellant a conscientious objector classification (I–O or I–A–O) was erroneous. (3) Appellant was denied assistance of counsel before his local draft board in violation of the Sixth Amendment. (4) The system of local boards results in unequal application of the law in violation of the Fourteenth Amendment. (5) The sentence imposed was unduly harsh and the trial judge erroneously made no use of the pre-sentence report.

Appellant's first two allegations are in essence alternative grounds for challenging the substantive basis for the denial of his request for conscientious objector status. In the trial court the trial judge made a general finding of guilty but did not state the grounds on which he concluded that Cassidy was not entitled to a conscientious objector classification. Appellant, who was represented by counsel, made no request for a special finding of facts which is his duty under Rule 23(c), Fed.R.Crim.P., in order to preserve certain issues for appeal. The trial judge may have concluded that Cassidy's views were not sincerely held though they met the statutory test of 50 App.U.S.C. § 456(j) that they were based on "religious training and belief" and were not "essentially political, socio-

logical, or philosophical * * * or a merely personal moral code." The trial judge may have felt Cassidy's views were sincere but did not meet the statutory criteria for conscientious objection. Finally, the trial judge may have determined that Cassidy's views were neither sincere nor within the statutory criteria for conscientious objection.

It is apparent, then, that the trial judge may have found petitioner guilty and not entitled to conscientious objector status for the reason that he believed petitioner's views were not sincerely held or for the reason that his views under the enlarged concept of religious belief defined in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965) did not qualify him for a conscientious objector classification. There is significant evidence in the record to support either finding. If either were the ground for conviction it would not be reviewable in a § 2255 motion. Under § 2255 only constitutional or jurisdictional defects may be challenged. Section 2255 does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence, Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947), or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal. Here, petitioner deliberately bypassed normal procedures, Fed.R.App.P. 4(b), by dropping his direct appeal.

Since: (1) a factual determination is not challengeable under § 2255, (2) petitioner deliberately failed to pursue direct appeal, (3) proper steps were not taken under Rule 23(c) to determine the specific reason for the trial judge's guilty verdict, (4) in a § 2255 motion the burden of proof is on the petitioner to show that his sentence must be vacated, Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and (5) evidence did exist to support a trial court finding that petitioner's views were not sincerely held or failed to conform with the enlarged concept of religious be-

lief under Seeger, we can only assume that there was a valid reason for the court's verdict and we must uphold that finding. Thus, petitioner's allegation that an unconstitutional standard was used to determine his right to conscientious objector status cannot be reached by us since the use of such an improper standard has not been shown to have been the reason for the trial judge's finding. Furthermore, we have held that petitioner cannot challenge in a § 2255 motion the sufficiency of the evidence to support a finding that petitioner's views were not sincerely held or that he failed to qualify under Seeger for a conscientious objector classification. Thus, no relief is available for petitioner's substantive allegations of error.

Assuming, arguendo, that we could reach petitioner's claim that an improper standard was used in denying his request for conscientious objector classification, we don't think that claim has merit. The basis of Cassidy's claim is that the traditional definition of "religious belief" under the statute creates an improper classification on which to base conscientious objector status in violation of the First Amendment. However, the Supreme Court in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965) followed by this Court in United States v. Levy, 419 F.2d 360 (8th Cir. 1969) has abandoned a traditional definition of "religious belief," adopting a much broader definition while recognizing the constitutionality of the statute. As the Supreme Court said in Seeger, 380 U.S. at 176, 85 S.Ct. at 859, religious belief includes a "sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exemption * * *." In construing the parallelism test adopted by the Supreme Court in Seeger, we said in Levy at 367:

"Admittedly the parallelism test of the Seeger case may significantly reduce the vitality of the personal moral code test, to the extent that pacifistic beliefs, if sincerely and deeply held may

be defined as religious regardless of their source."

It is clear then, that under the law as it presently stands, the statutory classification as judicially defined is constitutional. The trial judge's memorandum decision dealing with this § 2255 motion evidenced a thorough understanding of the present state of the law regarding the standards for determining a registrant's right to conscientious objector classification. Cassidy v. United States, 304 F. Supp. 864, 869 (E.D.Mo.1969). We adhere to the statement in Townsend v. Sain, 372 U.S. 293, 315, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) that a habeas court [1] could "properly assume that the * * * trier of fact applied correct standards of * * * law to the facts, in the absence of evidence * * * that there is reason to suspect that an incorrect standard was in fact applied." Thus, even if this were an issue we could reach, since there is no evidence to support a finding that the trial court applied incorrect or unconstitutional standards we must deny this contention of error.

■ Petitioner's next contention is that his rights under the Fifth and Sixth Amendments were violated when he was denied assistance of counsel at local draft board meetings. This contention is without merit. Selective Service Regulation 1624.1 expressly forbids such representation. Nickerson v. United States, 391 F.2d 760 (10th Cir. 1968), cert. denied 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1366; United States v. Capson, 347 F.2d 959 (10th Cir. 1965), cert. denied, 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163, (cited by appellant) and United States v. Sturgis, 342 F.2d 328 (3d Cir. 1965), cert. denied, 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120, held that registrants are not entitled to assistance of counsel at local draft board meetings since such proceedings are neither judicial nor criminal nor penal in character.

■ Petitioner asserts that under Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) the present Selective Service System denies him equal protection of the laws. The gravamen of this claim appears to be that the local board system does not operate uniformly throughout the country. This contention is frivolous. Petitioner does not muster the facts to support this assertion or indicate how it has adversely affected him. Furthermore, all the local boards are equally subject to the Military Selective Service Act of 1967, 50 App.U.S.C. § 451 et seq., and the regulations thereunder. We do not believe that petitioner has demonstrated any violation of the Equal Protection Clause of the Fourteenth Amendment in the application of the Selective Service laws.

■ Petitioner's final contention is that the sentence imposed was unduly harsh and that it was improperly imposed without resort to a pre-sentence report. As the District Court observed, the severity of the sentence, if within the maximum allowed, is a matter within the sound discretion of the judge. Lipscomb v. United States, 273 F.2d 860 (8th Cir. 1960), cert. denied, 364 U.S. 836, 81 S.Ct. 72, 5 L.Ed.2d 61. Nor is the sentencing judge obliged to consider a pre-sentence report though it is within his discretion to do so. United States v. Williams, 254 F.2d 253 (3d Cir. 1958); Rule 32(c), Fed.R.Crim.P.

Judgment affirmed.

LAY, Circuit Judge (dissenting).

I respectfully dissent.

The majority opinion holds that petitioner may not challenge the alleged constitutional invalidity of his draft classification and subsequent induction order in a 28 U.S.C.A. § 2255 proceeding. I disagree.[1]

---

1. We apply the same standards of review in a § 2255 proceeding as in a habeas corpus proceeding. Kaufman v. United States, 394 U.S. 217, 221–222, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

1. In my judgment since petitioner should otherwise be granted relief I do not pass on the additional claims that petitioner was unconstitutionally denied right of counsel before his local draft board or that

The majority recites that since the district court failed, at trial, to enter findings as to the basis-in-fact to support petitioner's I–A classification, its holding cannot be otherwise reviewed in a § 2255 proceeding even if one of the grounds upon which the court might have reached its determination was an unconstitutional one. The majority reasons that since the petitioner cannot now challenge a finding by the trial court as to his lack of sincerity, and such would constitute a basis-in-fact for his classification, he is therefore foreclosed in a § 2255 proceeding from attacking any alleged unconstitutional standard which might be the actual basis for the trial court's decision. The majority's opinion thus holds that since there exists a nonconstitutional basis upon which the conviction might be sustained, this court need not explore the record to see if there exists any unconstitutional basis of conviction. I think, however, that this reasoning misconstrues the function of an appellate court. The majority recognizes that the district court either might have concluded that the petitioner lacked sincerity [1a] as to his conscientious objector beliefs, or that it may have used an erroneous constitutional standard in concluding that the petitioner's beliefs did not come within the definition of "religious."

However one chooses to speculate as to the district court's reasons to support a basis-in-fact for petitioner's I–A classification at trial, where there is no way of knowing which of two grounds was relied upon and where one ground is attacked as being unconstitutional, *a court should*

the 456(j) conscientious objector exemption clause under 50 U.S.C.A. § 456 is unconstitutional. These issues deserve more than cursory examination. The majority's reasoning that petitioner was not denied due process by reason of denial of counsel before the local board is difficult for me to follow. The majority states that petitioner is not denied due process under the Constitution because the Selective Service regulation does not permit counsel to be present. The essence of petitioner's claim attacks the regulation. It is difficult to understand how the proscription under the regulation itself can rule out its own alleged constitutional infirmity. Cf. Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). Although I do not pass on this issue, I think we should make passing note of United States v. Weller, 309 F.Supp. 50 (N.D.Cal.1969), where the district court quashed a criminal indictment because a selectee had been refused counsel before his local board. Review was granted by the Supreme Court. 397 U.S. 985, 90 S.Ct. 1118, 25 L.Ed.2d 394 (1970).

Nor do I think the constitutional attack upon the conscientious objector exemption itself is simply answered by United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), as the majority implies. In *Seeger*, the Supreme Court specifically observed:

"No party claims to be an atheist or attacks the statute on this ground. The question is not, therefore, one between theistic and atheistic beliefs. We do not deal with or intimate any decision on that situation in these cases." *Id.* at 173–174, 85 S.Ct. at 858.

This constitutional question is also before the Supreme Court. See Welsh v. United States, 404 F.2d 1078 (9 Cir.), cert. granted, 396 U.S. 816, 90 S.Ct. 53, 24 L.Ed.2d 67 (1969); United States v. Sisson, 297 F.Supp. 902 (D.Mass.), appeal granted, 396 U.S. 812, 90 S.Ct. 92, 24 L.Ed.2d 65 (1969).

1a. Whether an individual lacks "sincerity" for his conscientious objector beliefs is a *matter of determination for the draft board and not the district court.* The district court may only look for a basis-in-fact to support a classification; the district court does not review a classification to see if sufficient evidence exists. If a basis-in-fact exists for the draft board's classification, the district court is foreclosed from further review. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). Some evidence must appear affirmatively in the selective service file to contradict the petitioner's sincerity, however, before it can be used as a basis-in-fact to rebut a conscientious objector claim. United States v. Abbott, 425 F.2d 910 (8 Cir. 1970). It does not appear here. Although not conclusive, this would seem to be some indication that insincerity was not the basis of the trial court's rejection of petitioner's conscientious objector claim.

*not assume that the constitutional ground was employed.* In Bachellar v. Maryland, 397 U.S. 564, 90 S.Ct. 1312, 25 L.Ed.2d 570 (1970), the Supreme Court observed that, "When 'a claim of constitutionally protected right is involved, it "remains our duty * * * to make an independent examination of the whole record." ' " *Id.* at 1313. The Court then took note that although there were several grounds upon which a jury might have concluded that there was a violation of a criminal statute, since conviction on one ground would violate the Constitution, it was their duty to set aside the convictions. The Supreme Court said:

"Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), is the controlling authority. There the jury returned a general verdict of guilty against an appellant charged under a California statute making it an offense publicly to display a red flag (a) 'as a sign, symbol or emblem of opposition to organized government,' (b) 'as an invitation or stimulus to anarchistic action,' or (c) 'as an aid to propaganda that is of a seditious character.' This Court held that clause (a) was unconstitutional as possibly punishing peaceful and orderly opposition to government by legal means and within constitutional limitations. *The Court held that, even though the other two statutory grounds were severable and constitutional, the conviction had to be reversed, because the verdict 'did not specify the ground upon which it rested.* As there were three purposes set forth in the statute, and the jury were instructed that their verdict might be given with respect to any one of them, independently considered, it is impossible to say under which clause of the statute the conviction was obtained. *If any one of these clauses, which the state court has held to be* severable, was invalid, it cannot be determined upon this record that the appellant was not convicted under that clause. * * * [T]he necessary conclusion from the manner in which the case was sent to the jury is that, if any of the clauses in question is invalid under the Federal Constitution, the conviction cannot be upheld.'* 283 U.S., at 368, 51 S.Ct., at 532. See also Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942); Terminiello v. Chicago, supra [337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131]; Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957); Street v. New York, supra [394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572].

"On this record, if the jury believed the State's evidence, petitioners' convictions could constitutionally have rested on a finding that they sat or lay across a public sidewalk with the intent of fully blocking passage along it, or that they refused to obey police commands to stop obstructing the sidewalk in this manner and move on. See, e. g., Cox v. Louisiana (I), 379 U.S., [536] at 554–555, 85 S.Ct. [453] at 464–465 [13 L.Ed.2d 471; Shuttlesworth v. Birmingham, 382 U.S. 87, 90–91, 86 S.Ct. 211, 213–214, 15 L.Ed.2d 176 (1965). *It is impossible to say, however, that either of these grounds was the basis for the verdict. On the contrary, so far as we can tell, it is equally likely that the verdict resulted 'merely because [petitioners' views about Vietnam were] themselves offensive to some of their hearers.'* Street v. New York, supra, 394 U.S., at 592, 89 S.Ct. at 1366. *Thus, since petitioners' convictions may have rested on an unconstitutional ground, they must be set aside.*" (Emphasis mine.) Id. at 1315–1316.[2]

Not only is there no record of the judge's basis for acting in this case, as I have heretofore mentioned, there is no evi-

---

2. See also United States v. St. Clair, 293 F.Supp. 337, 344 (E.D.N.Y.1968), where Judge Weinstein authoritatively observed: "Where two grounds for decision—one correct and one incorrect—are asserted and where there is no way of knowing which was relied upon, the courts may not assume that the correct one was used."

dence in the record upon which he might have concluded that there would be a basis-in-fact for a finding of insincerity. Thus, as in Bachellar v. Maryland, supra, it would seem that there is at least an equal chance that the ground was an erroneous and unconstitutional application of the "religious" qualification.

Petitioner raises a constitutional issue which this court should review, to-wit, was petitioner denied exemption as a conscientious objector even though he demonstrated that his conscientious objection was based upon a religious belief? This is not a contention attacking the sufficiency of evidence. The issue raised here is one of constitutional dimension. The fact that petitioner raised this defense at trial and abandoned his appeal does not foreclose the right to raise issues of constitutional dimension in a § 2255 proceeding. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). There is no evidence of deliberate bypass by the petitioner. In Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947), relied upon by the majority, the petitioners did not assert any allegation that their freedom of religion had been infringed upon. The Court in *Sunal* noted that the only constitutional ground the petitioner there endeavored to allege was to magnify the error of law occurring at their trials to constitutional proportions by asserting that the trial court deprived defendants of their only real defense. The Supreme Court then observed: "as much might be said of many rulings during a criminal trial. Defendants received throughout an opportunity to be heard and enjoyed all procedural guaranties granted by the Constitution." 332 U.S. at 182, 67 S.Ct. at 1593. The Court did, however, specifically say that:

"If defendants who accept the judgment of conviction and do not appeal can later renew their attack on the judgment by *habeas corpus*, litigation in these criminal cases will be interminable. Wise judicial administration of the federal courts counsels against such course, *at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court.*"[3] (My emphasis.) 332 U.S. at 182, 67 S.Ct. at 1593.

If the draft board has discriminated against petitioner's religious beliefs and the district court has found that his beliefs are not within the definition of "religious training and belief" under § 456(j), *when in fact they are*, then petitioner's classification is founded on unconstitutional grounds. He has been denied equal protection of the laws and has suffered, as well, an encroachment upon the free exercise of his religious beliefs through the overlapping establishment of 'preferred religions in violation of the First Amendment.

The majority has not seen fit to discuss the facts. I will likewise abstain. However, suffice it to say, there should be little doubt upon review of the petitioner's selective service file that petitioner's beliefs profess conscientious objection on "religious" basis to use of force. United States v. Seeger, supra.[4]

3. In Kaufman v. United States, 394 U.S. 217, 223, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), this was re-emphasized, the Court noting that in Sunal v. Large, supra, "we there recognized that federal habeas relief for *constitutional* claims asserted by federal prisoners" were not so limited. In Fay v. Noia, 372 U.S. 391, 409, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court again said that "[t]he course of decisions of the Court * * * makes plain that restraints contrary to our fundamental law, the Constitution, may be challenged on federal habeas corpus even though imposed pursuant to the conviction of a federal court of competent jurisdiction." See also Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Townsend v. Sain, 372 U.S. 293, 311–312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

4. We said in United States v. Levy, 419 F.2d 360 (8 Cir. 1969), speaking through Judge Gibson, "[a]ny type of sincerely held belief opposing war generally would be difficult to rule out under *Seeger.*" See also concurring opinions of Judges Lay and Heaney in In re Weitzman, 426 F.2d 439 (8 Cir. 1970).