Thomas William **TAYLOR**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee,

No. 71–1095.

United States Court of Appeals, Ninth Circuit.

July 11, 1972.

Donald S. Chisum, Seattle, Wash., for plaintiff-appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before CARTER and TRASK, Circuit Judges, and JAMESON,* District Judge.

TRASK, Circuit Judge:

Thomas W. Taylor appeals from a denial of relief, which he sought by motion under 28 U.S.C. § 2255, from his conviction for armed bank robbery and kidnapping incident thereto, 18 U.S.C. § 2113(a) (d) and (e). Sentence was imposed on November 1, 1968. He was granted leave to appeal in forma pauperis and did so, but about a month later notified this court that he wished to withdraw his appeal; his counsel concurred in the request. On January 20, 1969, this court ordered the appeal dismissed.

More than two years after his conviction, this Section 2255 petition was filed, based upon a claim of wrongful admission of evidence. The evidence introduced was alleged to have been obtained in an illegal search and seizure. This question was raised prior to trial by a motion to suppress, and after an evidentiary hearing, the motion was denied.

The trial court, in a written memorandum and order, stated that although the arrest warrant was deficient, the arrest itself was based upon probable cause that a felony had been committed, and that Taylor had committed that felony. Therefore his arrest was lawful, Travis v. United States, 362 F.2d 477 (9th Cir.), cert. denied, 385 U.S. 885, 87 S.Ct. 179, 17 L.Ed.2d 113 (1966), and the fact that the warrant may have been invalid was immaterial. Rocha v. United States, 387 F.2d 1019 (9th Cir. 1967), cert. denied, 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968). Appellant disputes the validity of the arrest in his petition, but points to no facts upon which the disagreement might be justified. The trial court, stating that it had carefully reviewed the transcript of the motion to suppress, found probable cause. Appellant's brief before this court does not argue the point, and we accept the trial court's finding.[1]

---

* Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

1. We have not been furnished with a reporter's transcript of the proceedings, hearing on the motion to suppress, or of the trial. The trial court authorized the appellant to have the record printed at government expense, but if it was done, it was not made available to this court; the government notes in its brief that the court reporter is no longer available. Neither the District Court Clerk's Office nor the Circuit Court Clerk's Office could locate such a transcript.

The single contention made on this appeal is that a search incident to the arrest was improper under pre-*Chimel* standards, Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), which admittedly apply here, *i. e.*, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1960). The trial court found that "this search continued for about an hour and did not exceed the then permissible bounds of a search of a person's house incident to his arrest."

The arrest was for armed robbery and kidnapping. Taylor was arrested in his own home and those were the premises searched. While he was held in the living room, a search of his bedroom produced a loaded .45 caliber automatic pistol, handcuffs, currency and a photograph. The other rooms were also searched but no evidentiary material produced.

"What is a reasonable search is not to be determined by any fixed formula. The Constitution does not define what are 'unreasonable' searches and, regrettably, in our discipline we have no ready litmus-paper test. The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case." United States v. Rabinowitz, *supra* at 63, 70 S.Ct. at 434.

Under pre-*Chimel* standards adopted by this court, the search does not appear to have been unreasonable. *See* United States v. De La Cruz Bellinger, 422 F.2d 723, 725 (9th Cir.), cert. denied, 398 U.S. 942, 90 S.Ct. 1860, 26 L.Ed.2d 278 (1970); Williams v. United States, 418 F.2d 159, 160–162 (9th Cir. 1969), aff'd, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). We cannot say that the conclusion of the trial court was clearly erroneous.

Alternatively, appellant may not litigate in a Section 2255 proceeding, two years after his trial, an issue which he deliberately by-passed by way of appeal. Kaufman v. United States, 394 U. S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d

227 (1968). Here, a notice of appeal was filed and then appellant and his counsel withdrew the appeal; they thus deliberately abandoned it and the issues which might properly have been determined under it, including the search and seizure question. Grieco v. United States, 435 F.2d 677, 678 (7th Cir. 1970), cert. denied, 401 U.S. 1009, 91 S. Ct. 1251, 28 L.Ed.2d 544 (1971); Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970). The issue had not been overlooked as a motion to suppress had been filed and a hearing had upon it. The circumstances clearly point to a considered decision to forego the appeal and the presentation of the issue on appeal. Appellant may not raise it now.

The judgment is affirmed.