**Luis Maldonado NUÑEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 270–72.**

United States District Court,
D. Puerto Rico.

Sept. 28, 1972.

Luis Maldonado Nuñez, pro se.

Julio Morales-Sanchez, U. S. Atty., Old San Juan, P. R., for defendant.

MEMORANDUM AND ORDER

TOLEDO, District Judge.

The petitioner in this case filed on August 16, 1972 two motions, one to proceed in forma pauperis and one for production of Court documents.

In his motion to proceed in forma pauperis, he requests leave of Court to file a motion under Title 28, United States Code, Section 2255, without payment of costs. He further alleges in said motion that the grounds for his Section 2255 motion will be that his "constitutional rights under the Fifth and Sixth Amendments were violated by officers of the United States of America

throughout the pretrial stages and the prosecution of the above referred case".[1] Petitioner also alleges "that he will show that his conviction was obtained through the use of perjured testimony given by the government's witnesses, willfully and knowingly and that such testimony was prompted and urged by the officers of the Respondent".

In his motion for production of court documents, filed pursuant to Title 28, United States Code, Section 2250, he requests the following documents:[2]

   a.  Transcript of minutes concerning petitioner's appearance before the United States Commissioner for the District of Puerto Rico.

   b.  Copy of Grand Jury Indictment.

   c.  Transcript of minutes of arraignment of petitioner.

   d.  List of all government witnesses subpoenaed.

   e.  List of all government exhibits.

   f.  Complete trial transcript.

   g.  Judgment and sentence of the Court.

On September 6, 1972, the respondent filed a consolidated opposition to petitioner's motion with memorandum of law. A traverse to respondent's opposition was filed by the petitioner on September 20, 1972.

The Court, after having carefully studied the motions and memoranda on record and being otherwise duly advised on the premises, makes the following findings.

1. This is petitioner's second motion to proceed in forma pauperis as well as his second attempt to obtain Court's documents in order to file a motion to vacate judgment and sentence under Title 28, United States Code, Section 2255. His first motion to proceed in forma pauperis was denied by this Court on July 19, 1972, "in view of the fact that no appeal or petition under Title 28, United States Code, Section 2255 has been filed by petitioner".

2. In the present motions, the petitioner is under the same circumstances as he was in his previous motions. He has not filed any motion under Title 28, United States Code, Section 2255.

3. Petitioner in his motion to proceed in forma pauperis has made· two blanket allegations, that will be proved supposedly in his motion to vacate, mainly that his constitutional rights were violated and that his conviction was obtained by perjured testimony elicited by government officials.

Under Section 2250 of Title 28, United States Code, it has been held in Cassidy v. United States (D.C.Miss., 1969), 304 F.Supp. 864, affirmed in 428 F.2d 585 (8 Cir., 1970), that:

> "A blanket and noncommittal request for copies is insufficient to enable the court to make a determination of necessity. No errors have been alleged which the requested documents are said to support."

See also United States v. Newsome (D.C.Ga., 1966), 257 F.Supp. 201.

4. Furthermore, under Section 2250, Title 28, United States Code, it has been held that the matter of granting Court documents without payment of costs falls entirely on the discretion of the Court.

In Cassidy v. United States, supra, 304 F.Supp. at page 867, the Court held:

> "The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."

See also United States v. Newsome, supra.

---

1. Petitioner refers to criminal case number 42–69 of this Court.

2. Although not clearly stated in petitioner's motion for production of documents, it can be inferred from his motion to proceed in forma pauperis, that the documents sought would be used for filing a motion to vacate sentence under Title 28, United States Code, Section 2255.

5. On the other hand, if petitioner's motions were to be considered in the light of Title 28, United States Code, Section 753(f) which regulates the furnishing of trial transcripts at government's expense, the same would and should also be denied.

Under said section it has been held that:

"A federal prisoner is not entitled under [Title] 28, U.S.C. § 753(f) and 1915 to obtain such a transcript at government expense for the purpose of preparing a case pursuant to [Title] 28, U.S.C. § 2255."

Dorsey v. United States (6 Cir., 1964), 333 F.2d 1015, cert. den. 379 U.S. 994, 85 S.Ct. 711, 13 L.Ed.2d 613 (1965).

In Ketcherside v. United States, 317 F.2d 807, the same Court of Appeals for the 6th Circuit, stated:

"In the present state of law, neither § 753(f) nor 1915 of Title 28, U.S.C. entitles a federal prisoner to obtain such a transcript at government expense for the purpose of preparing a case pursuant to Title 28, U.S.C.A. § 2255. (cit. om.). Furthermore, neither Section 1915 nor Section 753(f) authorizes the furnishing of a transcript where there is no motion to vacate sentence pending in the District Court. Ex parte Allen, 78 F. Supp. 786, 787 (E.D.Ky.1948)."

6. In relation to petitioner's second allegation, it has been held that the use of perjured testimony is not ground for motion under Section 2255 of Title 28, United States Code, unless the government's knowledge of the perjury is established.

"Before a sentence may be vacated on the ground of perjured testimony, the movant must show that the testimony was perjured and that the prosecuting officials knew at the time such testimony was used that it was perjured. (cit. om.). In addition, the perjured testimony said to have been knowingly used must be particularized definitely."

Marcella v. United States (9 Cir., 1965), 344 F.2d 876, cert. den. 382 U.S. 1016, 86 S.Ct. 630, 15 L.Ed.2d 531 (1966).

Wherefore, in view of the foregoing, petitioner's motions to proceed in forma pauperis and for production of Court documents, should be and are hereby denied.

It is so ordered.