Robert BOZEMAN

v.

UNITED STATES of America.

Civ. A. No. 216–72–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 7, 1973.

Robert Bozeman, pro se.

D. Dohnel, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Bozeman, a United States prisoner, brought this action in forma pauperis seeking an order of the Court providing him with a transcript of his criminal trial at the expense of the government. Jurisdiction is attained pursuant to 28 U.S.C. §§ 2255 and 2250.

█ Although this Court has within its discretion the power to grant this relief, see Cassidy v. United States, 304 F.Supp. 864 (E.D.Mo.1969), aff'd. 428 F.2d 585 (8th Cir. 1970), the exercise of that discretion is guided by the principle of Jones v. Superintendent, 460 F.2d 150 (4th Cir. 1972), wherein the United States Court of Appeals for the Fourth Circuit held that a particularized need for same must be demonstrated by the petitioner. See also, United States v. Glass, 347 F.2d 200 (4th Cir. 1963). Under *Jones*, the desire "merely to comb the record in the hope of discovering some flaw" is insufficient to warrant the providing of a transcript at government expense.

In his original petition Bozeman alleged that a transcript was necessary for him to demonstrate that he suffered, upon conviction, numerous unspecified constitutional deprivations. Concluding that Bozeman had not thereby demonstrated a "particularized need," the petition was dismissed.[1]

By letter received by the Court on January 30, 1973, Bozeman petitions the Court to vacate its order of October 24, 1972. Said letter will be treated by the Court as a motion to vacate. Given an opportunity to respond to said motion, the United States has chosen not to do so.

Bozeman has now sought to specify his need for a transcript. Having pleaded guilty to the charge complained of, the reasons advanced deal with alleged constitutional denials appurtenant to this Court's acceptance of the guilty plea and, specifically, to the contents of the warning given prior to said acceptance under the prescription of Rule 11, F.R. Crim.P. Specifically, Bozeman alleges violations of his rights regarding self-incrimination, to trial by jury, and to confront and cross-examine witnesses based upon the Court's alleged failure to ensure that Bozeman understood the consequences of waiver of these rights upon a guilty plea. He also claims that his counsel was ineffective with regard to this matter. The present issue is thus whether, by virtue of the aforesaid allegations, Bozeman has demonstrated a particularized need.

The initial problem is determining what constitutes a "particularized need." Fed.Rules Crim.Proc. rule 11, 18 U.S.C.A. In United States v. Glass, 317 F.2d 200 (4th Cir. 1963) the Court of Appeals stated:

> Absent some indication that a transcript would disclose matter *relevant* to the questions sought to be raised, an indigent is deprived of no right by a refusal to furnish him with such a transcript at public expense. 317 F. 2d 202, n. 4 (Emphasis added)

In Draper v. Washington, 372 U.S. 487, 495–496, 83 S.Ct. 774, 779, 9 L.Ed.2d 899 (1963), the Supreme Court elucidated the definition of "necessary" trial transcripts in connection with an issue in that case, whether a state has a duty to provide indigents transcripts for ap-

---

1. The Court did, however, direct that copies of the indictment and pleadings be sent to petitioner pursuant to 28 U.S.C. § 2250.

pellate review. The language is instructive:

> Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. 372 U.S. at 495–496, 83 S.Ct. at 779. (footnote omitted).

■ The gravamen of this language and of the "relevance" standard, as the Court interprets it, is not complex: a transcript is relevant for purposes of attacking or bringing into question those elements of the conviction which were transcribed and can only be reviewed upon the basis of the transcript, but a transcript is not relevant for review of those underlying elements not transcribed or for which a transcript is not necessary for adjudication. Under *Glass*, therefore, a showing of "relevance" in this manner constitutes a showing of "particularized need."

■ Underlying the application of this standard, however, are of necessity two practical prerequisites:

1. The party seeking relief must state a claim of constitutional dimension. This in turn requires that said claim is neither frivolous on its face nor rendered moot under the law by other applicable doctrines (e. g., "harmless error" or waiver.)

2. The party must specify with sufficient clarity those portions of the proceedings questioned in order than an initial determination of relevance can be made by the Court.

■ The Court notes, also, that the showing of particularized need will mandate that only the appropriate portion of the transcript be prepared, pursuant to the langer of *Draper, supra.*

■ In the present action, Bozeman has met the above stated criteria in that he has stated claims of constitutional magnitude which are not rendered moot under existing law and the determination of which must be made upon review of the transcript. Because he has stated his claims with sufficient clarity, the Court is able to determine, and has so determined, the relevance of the transcript thereto.

Accordingly, an order shall enter directing the United States to prepare, at its expense, pursuant to 28 U.S.C. § 753(f), that portion of the criminal transcript to Cr. 187–71–R relating to petitioner's plea of guilty and the Court's acceptance thereof.