Albert ENGLE, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

No. C–3–80–8.

United States District Court,
S. D. Ohio, W. D.

April 30, 1981.

Albert Engle, pro se.

Robert J. Huffman, West Milton, Ohio, for petitioner.

John J. Cruze, Asst. U. S. Atty., Dayton, Ohio, for respondent.

DECISION AND ENTRY SETTING FORTH FURTHER PROCEDURES ON MOTION TO VACATE SENTENCE, PURSUANT TO 28 U.S.C. § 2255

RICE, District Judge.

On March 29, 1979, Albert Engle was found guilty on two counts of violating the Travel Act, 18 U.S.C. § 1952, and two counts of conspiracy, in violation of 18 U.S.C. § 371. He was sentenced by Chief Judge Rubin to two years and two days, and was previously in custody at the Eglin Federal Prison Camp, Eglin Air Force Base, Florida. Engle is currently on parole.

On June 4, 1979, Engle filed a Notice of Appeal from his conviction. On November 7, 1979, the Sixth Circuit Court of Appeals granted Engle's motion to dismiss the appeal, said motion having been filed on October 18, 1979.

This matter is presently before the Court on Engle's motion to vacate sentence pursuant to 28 U.S.C. § 2255, filed on January 7, 1980. This motion raises three grounds for relief, with multiple contentions under each. These grounds are: (1) that the conviction was obtained by the unconstitutional activities of the employees, agents, and officers of the United States; (2) ineffective assistance of counsel; and (3) newly discovered evidence. In response to said motion, the Government has submitted a Motion to Dismiss and Memorandum in Opposition to Motion to Vacate Pursuant to Rule 2255, filed March 22, 1980.

Rule 4(b), Rules Governing Section 2255 Proceedings provides in pertinent part:

(b) Initial consideration by judge. The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

This Court has considered the pertinent materials, and has determined that it does not plainly appear that the movant is not entitled to relief. However, having made this determination, the Court is not currently prepared to set this matter down for an evidentiary hearing. Rather, for the reasons set forth below, the Court will postpone making a determination regarding movant's entitlement to an evidentiary hearing, until such time as this Court has had an opportunity to examine the movant's answers to the written interrogatories

propounded to him by the Court for the purposes of expanding the record, pursuant to Rule 7, Rules Governing Section 2255 Proceedings. A copy of the Court's written interrogatories is appended hereto.

## DISCUSSION

■ Movant submitted a standard form for § 2255 motions. Thereon, he indicated that he appealed from the judgment of conviction but that the appeal was "dismissed on Defendant's motion," on November 7, 1979. Movant does not specify his reasons for seeking dismissal of his appeal. This raises the question whether the movant deliberately bypassed federal remedial procedures previously available to him, which justifies denial of relief under 28 U.S.C. § 2255.

The deliberate bypass doctrine in the context of Section 2255 proceedings was first articulated in *Kaufman v. United States*, 394 U.S. 217, 227 n.8, 89 S.Ct. 1068, 1074 n.8, 22 L.Ed.2d 227 (1969), wherein the Court stated, "the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal." The doctrine was first applied in habeas corpus proceedings in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), where the district court denied the applicant's petition for habeas corpus relief on the ground that the applicant had failed to exhaust the remedies available in state court. The applicant had not pursued an appeal as had his co-defendants. Although the co-defendants were unsuccessful in their appeals, they were subsequently released on a finding that their confessions had been coerced. The coercive nature of the applicant's confession was also established but the district court, nonetheless, denied relief.

The Court of Appeals reversed the district court and the Supreme Court affirmed this judgment because, *inter alia*, under the circumstances presented, Noia's failure to appeal could not be deemed an intelligent waiver of his right to appeal. *Id.* at 399, 83 S.Ct. at 827. However, the Court also established that "the federal habeas judge

may in his discretion deny relief to an applicant who has *deliberately by-passed* the orderly procedure of the state courts and in so doing has forfeited his state court remedies." *Id.* at 438, 83 S.Ct. at 848 (emphasis added).

To determine whether the bypass is deliberate, the Court used the definition of waiver set forth in *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938): "an intentional relinquishment or abandonment of a known right or privilege." 372 U.S. at 439, 83 S.Ct. at 849. The *Noia* Court then stated:

> If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, where *for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures*, then *it is open to the federal court* on habeas *to deny him all relief* if the state courts refuse to entertain his federal claims on the merits—though of course only *after the federal court has satisfied itself*, by holding a hearing or *by some other means, of the facts bearing upon the applicant's default.*

*Id.* (emphasis added).

The deliberate bypass doctrine has been applied in several section 2255 proceedings. In *Cassidy v. United States*, 428 F.2d 585 (8th Cir. 1970), the Court affirmed the denial of the movant's motion to vacate sentence. The movant had been convicted for failing to report for, or submit to induction into the Armed Forces. Movant, who had retained counsel, filed a notice of appeal, and was not imprisoned while the appeal was pending. Thereafter, he dropped his appeal and voluntarily surrendered to federal authorities. He later filed a motion to vacate sentence. The Court stated that section 2255 "does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence, or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal." *Id.* at 587

(citations omitted). The Court determined, "here, petitioner deliberately bypassed normal procedures, Fed.R.App.P. 4(b), by dropping his direct appeal." *Id.* There is no indication of why the movant had dismissed his appeal, and the Court's decision does not reflect any inquiry into the matter. The Court simply relied on the fact that he did dismiss the appeal as one of the grounds for denying section 2255 relief.

Similarly, in *Taylor v. United States,* 462 F.2d 1348 (9th Cir. 1972), the Court applied the deliberate bypass doctrine and affirmed the denial of a motion to vacate sentence. Movant was convicted for armed robbery and kidnapping. He was granted leave for filing his appeal in forma pauperis and did so; however, he later withdrew his appeal with the concurrence of counsel. Two years later, movant filed for section 2255 relief, based on a claim that certain evidence had been wrongly admitted at trial. The evidence, allegedly obtained by an illegal search and seizure, had been admitted at trial over a motion to suppress.

The Court of Appeals determined that the search was not unreasonable under the circumstances of the case, and, consequently, this provided one reason to deny the relief sought. The Court also offered an alternative basis for its affirmance, stating: "[A]ppellant may not litigate in a Section 2255 proceeding, two years after his trial, an issue which he deliberately by-passed by way of appeal." *Id.* at 1350. The Court continued, "a notice of appeal was filed and then appellant and his counsel withdrew the appeal; they thus deliberately abandoned it and the issues which might properly have been determined under it, including the search and seizure question." *Id.* Without giving specific examples, the Court concluded that the "circumstances clearly point to a considered decision to forego the appeal and the presentation of the issue on appeal." *Id.*

These two authorities suggest that a court may assume that a movant has deliberately bypassed the orderly process by virtue of having caused the appeal to be dismissed. The Fifth Circuit, however, has

consistently required some evidentiary development to support a finding of deliberateness, and has not relied solely on the fact that the movant has foregone direct appeal as an avenue to gain relief from his conviction.

In *McKnight v. United States,* 507 F.2d 1034, 1038 (5th Cir. 1975), the Court stated that it would "not assume abandonment of the right to appeal from a criminal conviction unless facts clearly supporting such an assumption are developed on the record." The Court stressed that the emphasis in evaluating deliberateness "is not merely on the fact that an appeal was not taken, but rather on *why* the appeal was not taken." *Id.* at 1036 (emphasis added). The Court considered the reasons asserted by McKnight for foregoing a direct appeal. It appeared that during the pendency of his appeal, McKnight became extremely ill while being held in a local jail. He claimed that he dropped the appeal because he was informed by the jail authorities, his counsel and a U.S. Marshall that if he dismissed the appeal, he would be moved to a federal penitentiary, where he could receive necessary medical attention. *Id.* at 1037. Based on these allegations, but expressing no opinion on the merits thereof, the Court remanded the cause to the district court for the purpose of determining whether the decision to dismiss the appeal was voluntary under the circumstances.

The Fifth Circuit reaffirmed its position in *Coco v. United States,* 569 F.2d 367 (5th Cir. 1978). In this case, unlike *McKnight,* the Court concluded that the movant had, in fact, voluntarily or deliberately bypassed orderly federal procedures. Coco had been convicted on charges of conspiring to make, and making extortionate extensions of credit and conspiring to participate, and participating in the use of an extortionate means to collect an extension of credit. In his section 2255 motion, Coco challenged the legitimacy of a wiretap which had produced damaging evidence at his trial in 1972. The Court noted that the lawfulness of the wiretap had not been raised at his trial, although its admissibility had been ques-

tioned. *Id.* at 369. The challenge as to admissibility at trial, and on appeal was not, however, based on statutory violations, but rather, because persons not named in the indictment were mentioned on the tapes, and because the tapes were too remote in time to the events named in the indictment. *Id.* The Court also pointed out that the movant's counsel had apparently made a strategy decision not to raise the issue of the lawfulness of the wiretap, either at trial or on appeal. Under these circumstances, the Court concluded that "[t]he record, then, shows intelligent waiver of any claims of the wiretap's illegitimacy." *Id.* at 370. The Court reiterated its position that "where serious and fundamental rights are involved and the section 2255 motion is denied on a deliberate bypass theory, the district court must base its decision on facts developed at an evidentiary hearing." *Id.* However, "when the district court has completely and accurately reviewed the record and correctly concluded from it that a deliberate bypass is clearly shown, such a hearing is not required." *Id.* at 370–71.

Under the Fifth Circuit's position, it is inappropriate to assume that a section 2255 movant has deliberately bypassed the orderly federal procedure solely by virtue of the fact that the movant caused his appeal to be dismissed. Rather, a court must inquire as to why the appeal was not pursued, and only if the facts show that the bypass was, in fact, voluntary, is it proper to thereafter deny relief under section 2255. This position harmonizes with the Supreme Court's position in *Fay v. Noia, supra,* 372 U.S. at 439, 83 S.Ct. at 849, that "it is open to the federal court on a habeas to deny ... all relief ... only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default."

In the case at bar, this Court has no facts whatsoever which illuminate the movant's reasons for foregoing his direct appeal. Consequently, it cannot determine whether this case falls within the ambit of the deliberate bypass doctrine. The movant's decision may have been strategic or tactical, as it was in *Coco,* or it may have been because

of some circumstances in the nature of those alleged in *McKnight.* There is simply no way of knowing from the materials currently before the Court.

This does not, however, mean that this Court must conduct an evidentiary hearing at this point. In *Noia,* the Court suggested that the "facts bearing upon the applicant's default" could be discerned from means other than by holding a hearing. One alternative available to the Court is that provided in Rule 7, Governing Section 2255 proceedings:

Rule 7  Expansion of Record

(a) Direction for expansion. If the motion is not dismissed summarily, the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion.

(b) Materials to be added. The expanded record may include without limitation, letters predating the filing of the motion in the district court, documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the judge. Affidavits may be submitted and considered as part of the record.

This Court is not adverse to conducting an evidentiary hearing in this case, if one is warranted. However, the Court is also of the opinion that an application of Rule 7 will provide evidence from which the Court can make a determination as to the propriety of invoking the deliberate bypass doctrine, and will, therefore, provide the Court with the basis for making an informed decision as to whether a full-blown evidentiary hearing should be conducted. Thus, the Court has drafted a written interrogatory to movant Engle, which inquires into his reasons for dismissing his appeal. When the Court is in receipt of that answer, it will be in a far better position to determine whether Engle deliberately bypassed his right to appeal and, thereby, forfeited his right to raise matters currently presented in his section 2255 motion, or whether, in the alternative, further proceedings are in order.

In addition, the Court has also propounded two additional interrogatories, the answers to which will better enable the Court to assess movant's claim that he is presently in possession of newly discovered evidence. One of these interrogatories asks movant when he learned of this evidence; the other asks him to give the reasons why said evidence could not, with due diligence, have been discovered in time to file a motion for a new trial under Rule 59(b), Fed.R.Civ.P.

■ In summary, based on the foregoing, the Court concludes that Engle's motion raises a question whether he deliberately bypassed his right of direct appeal, thereby, justifying dismissal of his section 2255 motion. Because the facts surrounding movant's decision not to pursue his appeal are not presented in the materials before the Court, it has directed that the record be expanded, specifically by propounding a written interrogatory to the movant, asking him to state his reasons for foregoing the direct appeal. The Court has also asked the movant to answer two written interrogatories concerning his contention that he has newly discovered evidence, which would have affected the outcome of his trial. After Engle has responded to these three interrogatories, and the Court has had the opportunity to examine same, it will determine what, if any, further action is warranted with respect to Engle's section 2255 motion to vacate sentence.

Albert Engle must answer the attached interrogatories within three weeks from date of their receipt as appended to this Decision and Entry.

### INTERROGATORIES

Pursuant to Rule 7(a) and (b), Rules Governing 28 U.S.C. § 2255 Proceedings, the movant, Albert Engle, is hereby notified to answer under oath the following Interrogatories within twenty-one (21) days of service hereof:

(1) State in detail the reason(s) underlying the motion to dismiss the appeal of your conviction in *United States v. Engle*, CR-3-79-05, which was granted by the Sixth Circuit Court of Appeals, on November 7, 1979, from which conviction you now seek postconviction relief pursuant to 28 U.S.C. § 2255.

(2) State the date upon which you learned or became apprised of the following items of information, which you claim is newly discovered evidence, which, if known at trial, would likely have affected the results thereof:

(a) "That the Miami Township Trustees ordered trucks and equipment from the United Container Company on August 20, 1974, evidenced by Invoice No. 6786 ... and not by Lonnie Engle, evidenced by Invoice No. ..."

(b) "That Oscar Page and Ray Wolfe were silent partners with Lonnie Engle in the commercial trash business in Miami Township, Ohio, in 1975, and had invested $17,500.00 in the business and as a result of termination thereof in late 1975, Oscar Page and Ray Wolfe were reimbursed in payments of $5,000.00 and $5,000.00 and $7,000.00, the $7,000.00 alleged to have been the October, 1974 bribe.

(3) State in detail the reason(s) why the evidence which you assert is "newly discovered" could not have been discovered by due diligence in time to move for a new trial under Rule 59(b), Fed.R. Civ.P.