503 F.2d 457
 Albert W. MORRIS, Appellant,
v.
UNITED STATES of America, Appellee.
William W. WEIRBACH, Jr., a/k/a Richard Paul Conner, Appellant,
v.
UNITED STATES of America, Appellee.
Nos. 74-1095, 74-1179 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 31, 1974, Rehearing Denied Dec. 3, 1974.
 
 Willis T. Taylor, Lubbock, Tex. (Court-appointed), for appellants.
 Robert B. Wilson, Asst. U.S. Atty., Lubbock, Tex., for appellee.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of post-conviction relief under 28 U.S.C.A. 2255 following appellants' jury conviction for possession of a chattel stolen while in interstate commerce, in violation of 18 U.S.C.A. 659. Timely notices of appeal from these verdicts were filed, but the appeals were subsequently dismissed on appellants' motions.
 
 
 2
 Appellants then filed motions to vacate sentence under 28 U.S.C.A. 2255, raising a number of alleged errors. Their pro se pleadings, although not directly asserting involuntary abandonment of the right to direct appeal, contained allegations that: (1) the appellants had been prevented from filing motions in the local jail where they were incarcerated pending appeal, and had dismissed their appeals so they might be transferred to federal facilities where they could attack their convictions unhampered; and (2) the appellants were unwilling to proceed with trial counsel but were under the impression that they would have to continue to be represented by the same attorney or abandon their appeals. The district court consolidated appellants' petitions because they arose from common transactions and denied them without hearing on the ground that post-conviction relief was barred by the appellants' 'conscious election' to forego direct appeal. We reverse and remand for an evidentiary hearing on the issue of whether appellants' right to appeal was voluntarily and understandingly waived.
 
 
 3
 A direct appeal from a criminal conviction is a matter of right, and waiver or abandonment of this right will not be assumed unless the facts clearly support such an assumption.[1] Chapman v. United States, 5 Cir. 1972, 469 F.2d 634, 637; McKinney v. United States, 5 Cir. 1968,403 F.2d 57, 59. In the absence of any evidence that normal appellate procedures were bypassed in order to secure tactical advantage, see e.g., Larson v. United States, 5 Cir. 1960, 275 F.2d 673, appellants' factual allegations taken together, if true, raise a bona fide issue as to whether their direct appeals were knowingly, understandingly, and voluntarily abandoned. In these circumstances, an evidentiary hearing must be held to resolve the issue of waiver. Montgomery v. United States, 5 Cir. 1972, 469 F.2d 148, 150.
 
 
 4
 Although this case raises the question of waiver in a somewhat unorthodox context in that appellants' petitions cannot be fairly read as being bottomed on the denial of the right to appeal, we nevertheless treat the issue of waiver as being incorporated into the petition in the absence of evidence that the right to appeal was effectively abandoned, bearing in mind that the court below relied on waiver to deny consideration of the appellants' claims. Collier v. Estelle, 5 Cir. 1974, 488 F.2d 929, 931.
 
 
 5
 Reversed and remanded.
 
 
 
 [1]
 Constitutional claims raised on a 2255 motion are, of course, only foreclosed when it appears that the petitioner has 'deliberately bypassed' his appellate remedies. See Kaufman v. United States, 1969, 394 U.S. 217, 223 n. 7, 89 S.Ct. 1068, 1072, 22 L.Ed.2d 227; Montgomery v. Hopper, 5 Cir. 1973, 488 F.2d 877