Hershel Hiram McKNIGHT,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 73–3993.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1975.

Richard D. Pullman, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Robert W. Wilson, Asst. U. S. Atty., Lubbock, Tex., W. E. Smith, Asst. U. S. Atty., Ft. Worth, Tex., for respondent-appellee.

Before TUTTLE, THORNBERRY and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

This appeal is from the district court's dismissal of Hershel Hiram McKnight's motion for post conviction relief pursuant to Title 28, U.S.C., Sec. 2255. Because McKnight's uncontested factual allegations establish a bona fide controversy, requiring resolution by an evidentiary hearing and resultant findings, we reverse and remand.

McKnight was convicted in 1971 on both counts under which he was indicted: Count 1 charged him with conspiracy to rob a bank in violation of Title 18, U.S.C., Sec. 371; Count 2 charged him with carrying a firearm during the commission of a felony in violation of Title 18, U.S.C., Sec. 924(c)(2). On the same day that sentence was imposed, March 18, 1971, McKnight filed a notice of appeal. Three months later, McKnight joined with his attorney in a motion to dismiss the appeal. We granted this motion by an administrative order dated June 18, 1971. Thereafter, on January 11, 1972, McKnight filed a *pro se* motion in the district court seeking Sec. 2255 relief and alleging twelve grounds therefor. The district court denied relief on the merits and we affirmed without written opinion. McKnight v. United States, 5 Cir. 1972, 468 F.2d 951.[1] McKnight then filed this, his second collateral attack, in which he alleged that his conviction under Count 2 of the indictment was contrary to law because (1) the district court lacked jurisdiction under Title 18, U.S.C., Sec. 924(c)(2) in that interstate commerce was unaffected; (2) the indictment omitted the word "unlawfully"; (3) the jury instructions were erroneous; and (4) the Grand Jury misinterpreted the charges against him. Declining to reach the merits, the district court denied relief on the following grounds:

---

1. We affirmed pursuant to local Rule 21. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966. We set forth in a footnote however the twelve grounds upon which relief was sought:

In this proceeding for relief under 28 USCA, Sec. 2255, appellant contends: (1) that he was denied the right to challenge the grand jury array; (2) that several classes of his peers were excluded from the grand jury and from the jury panel which returned the verdict against him; (3) that the conspiracy charge violated his first amendment rights; (4) that the firearms charge violated his first and second amendment rights; (5) that the indictment was defective because it charged two counts and the validity of the second was dependent on conviction under the first; (6) that there was an invalid search and seizure; (7) that he was denied effective assistance of counsel because the trial judge intimidated his trial attorney; (8) that his long confinement in jail between arrest and trial was cruel and unusual punishment; (9) that the government improperly granted two of its witnesses immunity from prosecution; (10) that he was not immediately taken before a United States Commissioner; (11) that he was interrogated by government officers when his attorney was not present; and (12) that the district court erred in denying relief without holding an evidentiary hearing.

The government contends that the substantive issues sought to be raised by McKnight in his present attack were impliedly decided by our previous affirmance. Therefore, the government urges, the doctrine of res judicata applies. In view of our present holding, however, we intimate no view as to the applicability of res judicata.

"The motion and the files and records of the case conclusively show that the Petitioner is entitled to no relief. Each of the challenges urged by Petitioner could have been raised on direct appeal. The record affirmatively reflects a conscious election on the part of Petition (sic) not to appeal by his motion to the United States Court of Appeals for the Fifth Circuit that his appeal be dismissed. Failure to appeal, like failure to raise a known question of unconstitutionality, is a bar to Sec. 2255 relief where a deliberate choice not to appeal is made by conscious election. Larson v. United States, 5th Cir. 1960, 275 F.2d 673."

McKnight timely took the instant appeal, alleging that he was sick and badly in need of immediate and extensive medical care at the time his direct appeal was pending; that he was informed by his own counsel, local jail authorities and the United States Marshal that the Lubbock, Texas jail, where he was to remain incarcerated during his appeal, could not provide him with adequate medical care; that these same officials told him that if he would dismiss his appeal he would be removed to a federal penitentiary where proper medical attention could be provided; that his fear of continuing without proper medical care overcame his desire to pursue his direct appeal at which time he filed his motion to dismiss. In sum, McKnight alleges that the district court erred in denying his Sec. 2255 motion without a hearing solely on the grounds that he had dismissed his direct appeal. We agree.

■ The district court correctly cited *Larson* for the principle that a failure to appeal will normally bar Sec. 2255 relief where a *deliberate* choice not to appeal is made by conscious election. The emphasis is not merely on the fact that an appeal was not taken, but rather on why the appeal was not taken. In *Larson* the evidence showed that the appeal was not taken for fear of receiving a harsher penalty in the event of a new trial.[2] The decision was tactical.

■ The Supreme Court has specified that "the Sec. 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal—e. g., motion to suppress under Fed.Rule Crim. Proc. 41(e) or by appeal under Fed.Rule App.Proc. 4(b)." Kaufman v. United States, 1969, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 1075 n. 8, 22 L.Ed.2d 227. But where a district court intends to use such rationale in denying a Sec. 2255 motion, this Court requires that the lower court's decision not only indicate a finding of deliberate bypass, but also reflect sufficient evidentiary development therefor. See Collier v. Estelle, 5 Cir. 1974, 488 F.2d 929; Montgomery v. Hopper, 5 Cir. 1973, 488 F.2d 877; Montgomery v. United States, 5 Cir. 1972, 469 F.2d 148; Bonaparte v. Smith, 5 Cir. 1971, 448 F.2d 385; Johnson v. Smith, 5 Cir. 1971, 449 F.2d 127.[3] Thus, in Morris v. United States, 5 Cir. 1974, 503 F.2d 457, the district court's denial of appellants' Sec. 2255 motions on the ground that they consciously elected to forego direct appeal was reversed and remanded by this Court for an evidentiary hearing on whether "Appellants' right to appeal was voluntarily and understandingly waived." 503 F.2d at 458. The appellants in *Morris* had allegedly dismissed their appeals so they would be transferred to federal facilities where they could

---

2. Larson involved a much publicized trial in which Larson and a co-defendant were convicted of the murder of a Deputy United States Marshal. The jury returned a verdict of guilty as to both defendants, but recommended against capital punishment as to Larson only. Consequently Larson was sentenced to life imprisonment while his co-defendant was sentenced to death. Larson did not appeal, a tactical decision that was later shown to have been born out of fear of receiving the harshest of all penalties, death.

3. Although some of the cases cited deal with state prisoners seeking habeas corpus relief, "their holdings relative to the bypass doctrine are equally applicable to § 2255 applicants under *Kaufman* (v. United States, 1969, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227)." Montgomery v. United States, 5 Cir. 1972, 469 F.2d 148, 150.

attack their convictions without the harassment they allegedly experienced at the local prison. Although they did not specify in their Sec. 2255 motions that their abandonment of the right to appeal was involuntary, this court found that their factual allegations, if proven, would have the same result. We therefore remanded to the district court for a specific finding as to this voluntariness.

The foregoing makes it clear that McKnight's allegations, if true, raise a bona fide issue as to voluntariness of this dismissal of the direct appeal. It may be argued, however, that McKnight failed to issuably raise these allegations before the district court. While these factual allegations concerning dismissal of the prior appeal were not alleged in the present Sec. 2255 application, this may not be dispositive. According to McKnight's argument before this court,

his allegations concerning the lack of available medical treatment at the Lubbock jail were initially raised in an affidavit attached to a Motion to Reinstate Appeal in Forma Pauperis presented to this court.[4] The motion was denied by a panel of this court on December 3, 1971. Although this motion and accompanying affidavit were not made a part of the record presently before us, there was sufficient reference made to them to have placed the district court on notice of the situation. In McKnight's reply brief in his first collateral attack he stated:

"It is evident appellee has failed to understand why appellant waived his direct appeal. The Lubbock jail is a 'Hell Hole', appellant was extremely sick, and needed medical attention. It was either stay at the jail for the appeal (which he was told by Marshal's,

---

4. In his brief before this court, McKnight purports to reproduce that portion of his Motion to Reinstate Appeal in Forma Pauperis in which he stated his reasons for filing his prior motion to dismiss the direct appeal:

"(1) That the motion was predicated upon haste due to very exacerbating illness, and upon the ignorance of the law, both of which plague the defendant.

(2) That defendant was informed by official parties, his counsel, jail authorities, and the U. S. Marshal, that he could not receive the immediate and extensive medical needed during his wait for an appeal, and that if he would so sign he would be removed to a penitentiary where such was available.

(3) The (sic) under the condition of a very debilitating illness your defendant had no choice, except to possibly die from the very serious effects of hepatitis and gout.

(4) That due to defendant's illness and ignorance of the law he has not, as a matter of right, received due process or the equal protection of the laws to effect such an appeal due to the coercive nature of his position while ill and in confinement in the jail, causing him thereby to relinquish his Appeal of Right.

(5) That defendant's counsel did not give him the most effective service possible as required under the Sixth Amendment of the Constitution, in that he could have well advised against the sub rosa actions contrived against defendant to deprive him of his Appeal of Right.

(6) That defendant has appended hereto two documents, Exhibit 'A' and 'B'—attesting to his illness which continues to be debilitating at this time. This is a matter of official record at the U. S. Public Health Service Unit, here at Leavenworth, Kansas."

(Brief of Appellant, p. 3)

McKnight also purports to reproduce the attached affidavit:

"COMES NOW Hershel Hiram McKnight, of P. O. Box 1000, Leavenworth, Kansas, and makes and publishes this affidavit concerning the state of his health during the time of trial, after the trial, and while in the jail, all in Case Number CR–5–132:

1.) Your affiant states that he had hepatitis and that such will show upon the record under the International Classification of Diseases Adapted as No. 571.9.

2.) Your affiant also states that he is still suffering from the acquired gout of his long stay in the jail, and that it is a matter of record here under the International Classification of Diseases No. 274.

3.) Your defendant would so testify to the same if brought before a court of law making inquiry into the nature of this application for reinstatement of original appeal.

4.) Your defendant further says that he is on medication three times daily under the direction and care of Joseph R. Halperin, M.D., USPHS, Surgeon (R), Leavenworth, Kansas.

FURTHER AFFIANT SAYETH NOT:"

(Brief of Appellant, p. 4)

Attorney and Prosecutor), or die from lack of medical attention. The trip from Leavenworth would not be a vacation as implied by learned counsel. The motion for postconviction relief was for the purpose of correcting an injustice, nothing else."

The government made the above-quoted portion of McKnight's reply brief a part of this record by appending it to the government's Answer to McKnight's present Sec. 2255 application.

■ We will not assume abandonment of the right to appeal from a criminal conviction unless facts clearly supporting such an assumption are developed on the record. Morris v. United States, 5 Cir. 1974, 503 F.2d 457, 458; Chapman v. United States, 5 Cir. 1972, 469 F.2d 634, 637; McKinney v. United States, 5 Cir. 1968, 403 F.2d 57, 59. Thus, to reiterate what we said in *Morris,* 503 F.2d at 459:

"Although this case raises the question of waiver in a somewhat unorthodox context in that appellants' petitions cannot be fairly read as being bottomed on the denial of the right to appeal, we nevertheless treat the issue of waiver as being incorporated into the petition in the absence of evidence that the right to appeal was effectively abandoned, bearing in mind that the court below relied on waiver to deny consideration of the appellants' claims. Collier v. Estelle, 5 Cir. 1974, 488 F.2d 929, 931."

Should the district court determine that McKnight did not deliberately bypass his right to a direct appeal by a conscious election, it will be in order for that court to consider the merits of the present motion for relief under Title 28, U.S.C. Sec. 2255. Under the circumstances, we of course express no views as to the merits.

Reversed and remanded for further proceedings.