Ettore COCO, a/k/a Eddie Coco,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–3367.

United States Court of Appeals,
Fifth Circuit.

March 13, 1978.

Robert S. McCain, Fort Lauderdale, Fla., Daniel H. Greenberg, New York City, for petitioner-appellant.

Vincent K. Antle, Acting U. S. Atty., Miami, Fla., Marshall Tamor Golding, Atty., Appellate Sect., Crim. Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before BROWN, Chief Judge, GEWIN and TJOFLAT, Circuit Judges.

GEWIN, Circuit Judge:

Ettore Coco was convicted in 1972 on charges of conspiring to make and making extortionate extensions of credit in violation of 18 U.S.C. § 892; conspiring to participate and participating in the use of an extortionate means to collect an extension of credit in violation of 18 U.S.C. § 894; and obstructing commerce by extortion in violation of 18 U.S.C. § 1951. His conviction was affirmed on appeal. *United States v. Nakaladski*, 481 F.2d 289 (5th Cir. 1973), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 469. Coco appeals from the denial of a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 in the United States District Court, Southern District of Florida. We find no merit in this, Coco's third collateral attack upon his conviction,[1] and affirm.

---

1. Two motions to vacate sentence, filed pursuant to 28 U.S.C. § 2255 in the United States District Court, Southern District of Florida, were denied without an evidentiary hearing. Denial of the first motion was affirmed by this court at 505 F.2d 732 (1974); denial of the

In the district court Coco challenged the legitimacy of a wiretap which produced a damaging bit of evidence—Coco's admonition concerning delinquent borrowers that he would "bust their heads with his knuckles." Coco sought to prove that the wiretap, the order authorizing interception, and the application for the order were inconsistent with and in violation of 18 U.S.C. §§ 2516, 2517, and 2518, and that he received no inventory of the interception and recording, in violation of 18 U.S.C. § 2518(8)(d).

No question of the lawfulness of the interception was raised prior to or at the 1972 trial. In fact, Coco's trial attorney requested that the jury be instructed that the recording of the conversation was lawfully obtained or lawfully made (R. 90, Tr. Transcript 567). At trial and on appeal, admission of the tape was contested, not for any statutory violations but because persons not named in the indictment were mentioned in the tape recording, and the tape was too remote in time to the events named in the indictments. 481 F.2d at 299. Since no question of the lawfulness of the interception was raised, the government presented no evidence on the subject at trial, and made no argument for legality on appeal.

■ The district court denied Coco's motion to vacate, holding that, as to the legality of the wiretap, Coco had deliberately bypassed the orderly procedures provided at or before trial and by way of appeal. No evidentiary hearing was held. Coco asserts that under authority of the very cases relied upon by the district court for its dismissal, *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), and *McKnight v. United States,* 507 F.2d 1034 (5th Cir. 1975), an evidentiary hearing should have been held and habeas relief granted.

28 U.S.C. § 2255 reads in relevant part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a proper hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Section 2255 does not automatically require a hearing to dispose of every motion made under its statutory authority. *See Kaufman,* 394 U.S. at 227 n.8, 89 S.Ct. at 1075 n.8, 22 L.Ed.2d at 238 n.8; *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473, 479 (1962); *Hodges v. United States,* 368 U.S. 139, 82 S.Ct. 235, 7 L.Ed.2d 184 (1961).

■ The record supports the district court's denial of the motion for an evidentiary hearing and the motion to vacate sentence. Coco had a full and fair opportunity to raise the issue of the lawfulness of the wiretap. Coco was represented at trial and on appeal by Frank Ragano, an attorney of demonstrated competence in criminal cases.[2] Mr. Ragano participated in both

---

second motion was upheld pursuant to Local Rule 21 of this court on October 29, 1976, *cert. denied,* 430 U.S. 933, 97 S.Ct. 1555, 51 L.Ed.2d 777 (1977).

2. Mr. Ragano represented the appellant along with Mr. Milton E. Grusmark who represented Nokaladski, *United States v. Nokaladski, supra,* when his case was before this court on the merits. The following is from our opinion:

Appellants contend that the District Court erred in admitting into evidence a legally obtained tape recording of a conversation that appellant Coco had with a party not involved in the indictment approximately ten months after the events charged in the indictment. In this conversation, Coco made a statement concerning what he would do to delinquent borrowers—that he would "bust their heads with his knuckles." This tape

recording was admitted only with regard to appellant Coco and only for the limited purpose of showing his intent to commit the crimes charged in the indictment.

\* \* \* \* \* \*

Since intent is an element of all of the offenses for which Coco was charged, and since the tape recording contained a conversation concerning Coco's method of dealing with delinquent borrowers, it is clear that the tape was admissible to show his intent to commit the crimes for which he was charged.

\* \* \* \* \* \*

Appellants have raised a skillful but unconvincing multifaceted attack on their convictions. Being firmly convinced that appellants received a fair trial and that the jury's verdict was supported by the evidence, we affirm.

481 F.2d at 299-302.

*Giordano v. United States,* 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969), and *Hoffa v. United States,* 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738 (1967), which resulted in remands to determine the legality of the government's electronic surveillance. Mr. Ragano assisted the district court in structuring the way the wiretap evidence would be presented to the jury. Some twenty-five pages of trial transcript are devoted to the court's preparation for the presentation of the wiretap evidence (R. 67–93, Tr. Transcript 544–570).

Mr. Ragano objected to admissibility of the tape, on grounds of materiality, relevance, and undue prejudice, in an effort to avoid the renewal of objections before the jury (R. 78, Tr. Transcript 555). A statement by the court that "the record will show that you are not waiving anything" (R. 89, Tr. Transcript 566), relates to these objections. But Mr. Ragano did not want to go into the background of the wiretap as the following passage from the transcript demonstrates:

> MR. RAGANO: . . . What I am objecting to is informing the jury as to the circumstances under which these tapes were made.
>
> THE COURT: I understand that. That is why I am asking you for suggestions.
>
> MR. RAGANO: I would simply suggest that the Court inform the jury that they are about to hear a tape recording of a certain kind and the voice has been identified as that of Eddie Coco.
>
> MR. BETZ [Department of Justice Attorney]: I have had concerns in the past where I don't think Mr. Ragano will go into this type of area. I think it is important to let the jury know that the tape was obtained pursuant to court order only because at closing arguments people are going to argue the right of privacy.
>
> MR. RAGANO: I would waive that on the record. I think that would highly prejudice them. You can simply say it

was a tape that was lawfully obtained or lawfully made, and that's it.
R. 90, Tr. Transcript 567.

It is a fair inference from Mr. Ragano's last quoted statement that he did not want the district court to make a determination of the lawfulness of the wiretap. At the very least, the district court must have believed, taking Mr. Ragano at his word, that he did not wish to raise the issue. Mr. Ragano's competence, which we have noted, is not called into question by this strategy. He ably objected to admission of the tape at trial and asserted error on the direct appeal. *See* note 2 *supra.*

Not moving for suppression is a common trial tactic. The substantial risk of an instruction from the court that the tape was lawfully obtained might be thought to outweigh the jurors' speculation that this was an unlawful intrusion and any individual prejudices against an interception which lacks judicial sanction. Many lawyers prefer innuendo to inflection, particularly in areas of supposed sensitivity on the part of jurors. We cannot say that Mr. Ragano's desire to avoid prejudicing his client in any way violated Coco's constitutional rights.

The record, then, shows intelligent waiver of any claims of the wiretap's illegitimacy. Under *Kaufman v. United States,* 394 U.S. 217, 227 n.8, 89 S.Ct. 1068, 1075 n.8, 22 L.Ed.2d 227, 238 n.8 (1969), "the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal—e. g., motion to suppress under Fed.Rule Crim.Proc. 41(e) or appeal under Fed.Rule App.Proc. 4(b)." Normally, where serious and fundamental rights are involved and the section 2255 motion is denied on a deliberate bypass theory, the district court must base its decision on facts developed at an evidentiary hearing. *McKnight v. United States,* 507 F.2d 1034, 1036 (5th Cir. 1975).[3] But when the district

---

3. In *McKnight,* the section 2255 appellant alleged he had dismissed his direct appeal in order to facilitate his removal to a federal penitentiary where he could receive proper medical attention. His allegation raised the bona fide issue of the voluntariness of his dismissal of

court has completely and accurately reviewed the record and correctly concluded from it that a deliberate bypass is clearly shown, such a hearing is not required. *United States ex rel. Cruz v. LaVallee,* 448 F.2d 671, 676 (2d Cir. 1971), *cert. denied,* 406 U.S. 958, 92 S.Ct. 2064, 32 L.Ed.2d 345.[4] There is sufficient evidentiary development in this case for us to conclude, as did the district court, that the issue of the legality of the interception was deliberately bypassed at trial and on appeal.[5]

▪ Coco suggests that his attorney's decision should not be considered a waiver by Coco of his right to a determination of the legality of the wiretap, since he did not participate in the decision. However, under *Henry v. Mississippi,* 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408, 415 (1965), decisions of counsel relating to trial strategy, even when made without the consultation of the defendant, bar habeas review of claims thereby foregone, except where "the circumstances are exceptional." *Wainwright v. Sykes,* 433 U.S. 72, 91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594, 610 n.14 (1977).

As the Second Circuit stated in *Cruz,* "A lawyer must be able to determine questions of strategy during trial, and unless there are exceptional circumstances or unless the lawyer is so incompetent as to deprive the defendant of the right to effective assistance of counsel, his decision regarding trial strategy must be binding." 448 F.2d at 679. Coco does not assert the denial of such a fundamental right as the right to plead not guilty or to be tried by a jury. No exceptional circumstances exist to permit him to second-guess the management of his trial and appeal by a competent retained attorney. See *Wright v. Estelle,* 556 F.2d 370 (5th Cir. 1977) (pending *en banc*).

▪ Coco raises two further points of error. First, he alleges that the district court erred in not requiring a magistrate's report on his section 2255 motion. Since under the Federal Magistrates Act, 28 U.S.C. § 636(b), authority for making final decisions rests at all times with the district judge,[6] no magistrate's report is required. Under Rule 18(C) of the court below, it is the responsibility of the judge, not the mag-

---

4. *Cf. United States v. Meyer,* 417 F.2d 1020, 1024 (8th Cir. 1969) (section 2255 hearing denied where only justification for claim of failure by attorney to render effective assistance was attorney's failure to move for suppression of evidence and district court's finding of competence had overwhelming support in the record).

5. *Kaufman* extended collateral review of Fourth Amendment claims to federal prisoners in part because of the logic and desirability of treating section 2255 motions and state prisoners' habeas motions consistently. In *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067, 1088 (1976), the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The government argues that, in light of *Stone v. Powell, Kaufman* is no longer vital.

the direct appeal. Similarly, in *Morris v. United States,* 503 F.2d 457 (5th Cir. 1974), the appellants had allegedly dismissed their appeals under conditions of harassment. In both cases the appellants were entitled to an opportunity to prove their factual allegations.

Justice Brennan saw no reason to distinguish state from federal prisoners and concluded that "*Kaufman* obviously does not survive." 428 U.S. at 519 n.14, 96 S.Ct. at 3063 n.14, 49 L.Ed.2d at 1102 n.14 (Brennan, J., dissenting). However, the *Stone* majority left open the possibility that *Kaufman's* holding regarding federal prisoners is supported by "the supervisory role of this Court over the lower federal courts." 428 U.S. at 481 n.16, 96 S.Ct. at 3045 n.16, 49 L.Ed.2d at 1080 n.16. Given our finding of deliberate bypass, we do not address the government's argument.

6. In the context of a challenge to a district court's authority to refer Social Security benefit cases to a United States magistrate, the Supreme Court stated:

The magistrate may do no more than propose a recommendation, and neither § 636(b) nor the General Order gives such recommendation presumptive weight. The district judge is free to follow it or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew. The authority— and the responsibility—to make an informed, final determination, we emphasize, remains with the judge.

*Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 554, 46 L.Ed.2d 483, 491–92 (1976).

istrate, to enter any order granting an evidentiary hearing. The judge may well have foregone the report because of his familiarity with Coco's case, which had already been before him three times.

■ The other error asserted by Coco concerns the court's refusal to strike the government's response to his motion because it was two days late. While we do not condone the government's tardiness in responding to the court's order to show cause, we believe the district court acted within its discretion in denying the motion to strike. Coco has not shown the slightest prejudice resulting from the short delay.

The judgment is AFFIRMED.