[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14036
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03149-TWT

JOAN HAYNES,
TROY WAYNE HAYNES,

                                        Plaintiffs - Appellants,

versus

MCCALLA RAYMER, LLC,
BAC HOME LOANS SERVICING, LP,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS),

                                        Defendants - Appellees,

CHARLES TROY CROUSE, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 10, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Joan Haynes and Troy Wayne Haynes (the "Haynes") appeal from the final order of the district court granting summary judgment in favor of Defendants-Appellees McCalla Raymer, LLC, BAC Home Loans Servicing, LP (now Bank of America, N.A. or "BANA"), and Mortgage Electronic Registration Systems ("MERS"), in this action arising out of BANA's foreclosure of the Haynes's residence.  In the complaint, as amended, the Haynes alleged wrongful foreclosure, fraud, civil conspiracy, as well as violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the FDCPA"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO").  On appeal, the Haynes argue that: (1) the district court failed to consider their objections to the magistrate judge's report and recommendation ("R&R"); (2) the district court erred in denying their motion to add a party and amend the complaint; (3) the district court erred in granting summary judgment to McCalla Raymer on the FDCPA claim; and (4) the district court erred in granting summary judgment to BANA on the wrongful foreclosure claim.  After thorough review, we affirm.

We review a district court's grant of summary judgment de novo.  See Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1136 (11th Cir. 2007).  Summary judgment

2

is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's denial of a motion for leave to amend for abuse of discretion. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1336 (11th Cir. 2010). We may affirm the district court's ruling on any ground supported by the record. Kernel Records Oy v. Mosley, 694 F.3d 1294, 1309 (11th Cir. 2012).

First, we are unpersuaded by the Haynes's claim that the district court failed to consider their objections to the R&R. "In the absence of some affirmative indication to the contrary, we assume all courts base rulings upon a review of the entire record." Funchess v. Wainwright, 772 F.2d 683, 694 (11th Cir. 1985)). The Haynes have pointed to nothing in the record to suggest that the district court did not consider their objections, which were filed before the district court's order. Thus, we assume the district court reviewed the objections and rejected them. In any event, even if the objections were not considered, the arguments were repetitive of those they had made to the magistrate judge. Because, as we discuss below, there was no merit to the Haynes's claims, any failure to review them would have been harmless error. See Braxton v. Estelle, 641 F.2d 392, 397 (5th Cir. Unit A Apr. 3, 1981) (holding that because "the district judge could assess the merits of the petition from its face," the district court's failure to review objections by the petitioner, who may have not received notice of the R&R, was harmless

3

(quotation omitted)); Rutledge v. Wainwright, 625 F.2d 1200, 1206 (5th Cir. 1980) (finding "any error [by the district court] in not reviewing objections before issuing the order adopting the report" to be harmless).[1]

We also find no merit to the Haynes's claim that the district court abused its discretion in denying their motion for leave to file a third amended complaint. Under the Federal Rules of Civil Procedure, parties may amend their pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b). Fed R. Civ. P. 15(a). Otherwise, a pleading may be amended only by the parties' consent or leave of court. Id. "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003) (quotations omitted). "[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments, and past the deadline for filing dispositive motions." Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004). Requesting leave to amend after the deadline for discovery requires "good cause." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); see Fed.R.Civ.P. 16(b)(4).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

The Haynes claim that they sought to amend the complaint for a third time to include Fannie Mae as an indispensable party, and to add a breach of contract claim they learned about during discovery.  However, the record reveals that discovery closed on August 8, 2013, the Defendants moved for summary judgment on September 6, 2013, and the Haynes did not move to file their third amended complaint until September 27, 2013 -- two years after the original complaint was filed.  Moreover, by Ms. Haynes's own admission, she was in contact with Fannie Mae prior to the foreclosure of the property in September 2010, and was aware of issues she had with the foreclosure of her home related to the loan modification process prior to the foreclosure and immediately thereafter.  The magistrate judge found that "the information necessary to assert the new claims [was] available to Plaintiffs at the inception of their lawsuit" in September 2011.  The Haynes have not explained how the magistrate judge clearly erred in making this factual finding, much less how they gave "good cause" for their delay.  The district court did not abuse its discretion in denying the Haynes leave to amend for the third time.

Next, we reject the Haynes's argument that the district court erred in granting summary judgment to the Defendants on the FDCPA claim.  We've held that we will not consider any arguments a party attempts to incorporate by reference to filings in the district court.  See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1168 n.4 (11th Cir.2004) ("We now take

the opportunity to join the many other Circuits that have rejected the practice of incorporating by reference arguments made to district courts, and we hold that Consorcio has waived the arguments it has not properly presented for review."). In the opening brief before us, the Haynes say: "In the interest of judicial economy Appellants ask this court to refer to their Objections brief section 'III' for their argument." Because the Haynes have failed to make any argument to us on the propriety of their FDCPA claims, they have abandoned this claim.

Finally, we are unconvinced by the Haynes's argument that the district court erred in granting summary judgment to BANA on the wrongful foreclosure claim. They assert three theories of wrongful foreclosure, based on the premise that BANA did not have a valid interest in the property due to defects in the assignment that transferred the interests in the deed from MERS to BANA prior to BANA's foreclosure sale: (1) a violation of O.C.G.A. § 44-14-162(b) for failing to have a notary sign the assignment; (2) a violation of O.C.G.A. § 23-2-114 for including forged signatures on the assignment; and (3) a violation of O.C.G.A. § 44-14-162.2 for improperly identifying BANA in the foreclosure notice as having full authority to modify the loan. None of these theories prevail.

As for their first two theories, a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract under Georgia law. Haldi v. Piedmont Nephrology Assoc., P.C.,

641 S.E.2d 298, 300 (Ga. App. 2007) (holding that plaintiff does not have standing to challenge the contract because he was not a party to it); Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. App. 1991) ("Appellants are strangers to the assignment contract between appellee and [his privy] and thus have no standing to challenge its validity"). This case law is consistent with the Georgia code, which provides that "an action on a contract ... shall be brought in the name of the party in whom legal interest in the contract is vested, and against the party who made it in person or by agent." O.C.G.A. § 9-2-20(a).

In this case, the Haynes are not parties to the assignment they are challenging -- it is between MERS and BANA, just as in Montgomery v. Bank of America, 740 S.E.2d 434 (Ga. App. 2013), cert. denied (Sep. 9, 2013). There, a third-party borrower claimed that an assignment between MERS and BANA was invalid because the attorney who purportedly executed the assignment on MERS's behalf did not, in fact, execute the assignment. Id. at 437-38. Relying on O.C.G.A. § 9-2-20(a), the Georgia court held that the third party did not have standing bring his claim. Id.; see also Larose v. Bank of Am., NA, 740 S.E.2d 882 (Ga. App.), reconsideration denied (2013) (noting that a borrower lacked standing to challenge the validity of the assignment from MERS to the foreclosing entity). For the same reason, the Haynes also lack standing to bring their claim. The Haynes argue that Montgomery only applies when defects within an assignment

7

are latent, and that the notary's improper execution on the assignment in this case was patent.  However, there is absolutely nothing in <u>Montgomery</u> limiting its holding, nor have the Haynes cited any case law squarely limiting <u>Montgomery</u> in any way.  Therefore, the district court did not err in concluding that the Haynes lack standing to bring these claims.

As for the Haynes's § 44-14-162.2 claim -- that the foreclosure notice identified BANA, the loan servicer, as the entity with full authority to modify their loan despite the fact that Fannie Mae was ultimately responsible for the decision -- Georgia courts have held that "substantial compliance" is all that is required in this context.  See <u>TKW Partners v. Archer Capital Fund</u>, 691 S.E.2d 300, 303 (Ga. App. 2010) (holding that identification of attorney as individual with full authority "substantially complied" with statute since it provided the borrower with contact information for the entity with full modification authority); <u>Stowers v. Branch Banking & Trust Co.</u>, 731 S.E.2d 367, 369-70 (Ga. App. 2012) (recognizing that under <u>TKW</u>, substantial compliance with the question of the entity with full authority is sufficient).  The Haynes admit that BANA directed them to Fannie Mae to modify their loan.  It thus appears that under <u>TKW</u>, the notice the Haynes received substantially complied with the statutory notice requirements.

But even if the notice did not fully comply with Georgia law, the Haynes's claim for wrongful foreclosure would fail because they cannot show a causal

8

connection between this breach and a resulting injury. A plaintiff seeking damages for wrongful foreclosure must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. v. Colonial Bank, 601 S.E.2d 842, 844-45 (Ga. App. 2004) (quotation omitted).  To plead causation, litigants must allege that their injury was caused by the defendant's acts or omissions. Id.  The undisputed record reveals that Ms. Haynes failed to make two payments on the loan, thereafter made partial payments, and failed to make any monthly payments under the trial period plan.  Thus, any injury the Haynes suffered is the direct result of their own default on the loan, not the information included in the notice of foreclosure sale. See id. ("Heritage Creek's alleged injury was solely attributable to its own acts or omissions [including its loan defaults] both before and after the foreclosure.").  The Haynes have failed to show any disputed issue of fact indicating that their "confusion," rather than the missed payments, led to the foreclosure.  As a result, the district court did not err in rejecting their § 44-14-162.2 claim.

**AFFIRMED**.

9