# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30916
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2019

Lyle W. Cayce
Clerk

KENNETH D. JACKSON,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-589

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Kenneth D. Jackson, federal prisoner # 68790-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he attacked the 180-month sentence imposed following his conviction for possession with intent to distribute cocaine base. Jackson asserted that his prior conviction in Texas for delivery of a controlled substance no longer qualified as a predicate offense for purposes of U.S.S.G. § 4B1.1, and, therefore, he no longer qualified for a career-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30916

offender enhancement.  The district court found that Jackson failed to satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e).  We review the dismissal of Jackson's § 2241 petition de novo.  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

Jackson maintains that the district court erred by dismissing his § 2241 petition without first reviewing his objections to the magistrate judge's report.  However, Jackson did not timely file objections, *see* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2), and has not shown that he was otherwise prejudiced by the district court's failure to review them.  *See Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992).  This case did not involve factual disputes and concerned only legal issues that the district court readily could consider.  *See Smith*, 964 F.2d at 485; *Rutledge v. Wainwright*, 625 F.2d 1200, 1206 (5th Cir. 1980).  Moreover, Jackson has not identified a legal claim raised in his objections that could have altered the district court's disposition of his petition.  Thus, even if the district court should have reviewed the objections, any error was harmless.  *See Smith*, 964 F.2d at 485.

On appeal, Jackson reurges his claim that he was wrongly sentenced as a career offender under § 4B1.1 because his Texas conviction for delivery of a controlled substance no longer warrants application of the enhancement.  He contends that there has been an intervening change in the law that affects the application of the Sentencing Guidelines and the validity of his sentence.  He argues that he may file a § 2241 petition because he is unable to challenge the application of the Guidelines in a § 2255 motion.

A prisoner may use § 2241 to challenge his conviction only if the remedy under § 2255 is inadequate or ineffective to contest the legality of his detention.  § 2255(e).  A § 2241 petition is not a substitute for a § 2255 motion, and Jackson must establish the inadequacy or ineffectiveness of a § 2255 motion by meeting

No. 18-30916

the savings clause of § 2255. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Under that clause, Jackson must show that his petition asserts a claim based on a retroactively applicable Supreme Court decision that supports that he may have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been asserted in his trial, direct appeal, or original § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Jackson contends only that his sentence was illegally enhanced and does not maintain that he was convicted of a nonexistent crime or that he is actually innocent of the offense of conviction. Challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). He otherwise has not cited a retroactively applicable Supreme Court decision that addresses whether he was convicted of conduct that is not a crime. *See Padilla*, 416 F.3d at 425-26; *Reyes-Requena*, 243 F.3d at 904. Thus, Jackson has failed to show that the district court erred in dismissing his § 2241 petition for lack of jurisdiction.

The judgment of the district court is therefore AFFIRMED.